# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, et al.,<br><br>Defendants. | Case No. 2:19-cv-01657-GMN-DJA<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Seal (ECF No. 44), filed on March 2, 2020.

Plaintiff moves to file its Response to Defendant's Motion to Stay the Case under seal. However, the Motion submitted to the Court does not articulate the appropriate standard for sealing court filings. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*. 447 F.3d 1172. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097.

Significantly, the fact that the Court has entered a stipulated protective order in this matter and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The Court approved the protective order to facilitate discovery exchanges, but there has been no showing, and the Court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm. If the sole ground for a motion to seal is that the opposing party has designated a document as confidential, the designator shall file either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

IT IS THEREFORE ORDERED Plaintiff's Motion to Seal (ECF No. 44) is **denied without prejudice**.

IT IS FURTHER ORDERED that Plaintiff shall refile <u>one motion</u> **or** <u>one stipulation to the extent the other party does not oppose the sealing request</u>, that lists the filing they request sealed, addresses the standard articulated in *Ctr. for Auto Safety*, and explains why that standard has been met by **March 10, 2020**. To the extent that Plaintiff's request to seal is not renewed, then the Court shall unseal the filing (ECF No. 45) subject to the above motion to seal on March 10, 2020.

DATED: March 3, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE