# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 2:19-cv-01657-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 125, 134] |

Pending before the Court is Plaintiff's motion for leave to file an amended complaint. Docket No. 125; *see also* Docket Nos. 126, 127, 128, 129, 130 (exhibits to proposed amended complaint). Defendants filed a response, Docket No. 135, and Plaintiff filed a reply, Docket No. 138. Also pending before the Court is Defendants' motion to seal their response and exhibits. Docket No. 134. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is hereby **GRANTED** and the motion to seal is hereby **DENIED**.

## I. BACKGROUND

This patent infringement case was filed on September 20, 2019. Docket No. 1. Despite its vintage, the case is still in its procedural infancy. Defendant has neither answered the complaint nor has there been a scheduling order entered. *See* Docket. Plaintiff was, however, able to survive a motion to dismiss. Docket No. 104; *see also* Docket Nos. 105 (transcript of proceedings), 81 (motion to dismiss).

At the hearing on the motion to dismiss, United States District Court Judge Richard F. Boulware III suggested that Plaintiff may need to amend its complaint to allege certain claims more fully. Docket No. 105 at 11-12, 16-17. Plaintiff's counsel indicated that Plaintiff "should be able to amend [the complaint] within the next few weeks." *Id.* at 18. Though that hearing was held on March 24, 2022, Docket No. 104, Plaintiff did not serve Defendants with a proposed

amended complaint until May 27, 2022, Docket No. 135 at 3. After several weeks of discussions between the parties, Plaintiff filed the instant motion on September 26, 2022. Docket No. 125.

## II.    STANDARDS

Federal Rule of Civil Procedure 15 governs when a pleading may be amended or supplemented.[1] If the preconditions for amendment as of right under Rule 15(a)(1) are not satisfied, Rule 15(a)(2) requires parties to obtain the opposing party's written consent or the court's leave to amend a pleading. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (internal quotations and citations omitted). "Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint." *Underwood v. O'Reilly Auto Enters., LLC*, __ F.R.D. __, 2022 WL 4445928, *1 (D. Nev. 2022) (citing *Eminence*, 316 F.3d at 1052). These factors are not weighed equally. "[P]rejudice to the opposing party, is the touchstone of the inquiry under rule 15(a)," whereas "the Ninth Circuit has stated that undue delay by itself is insufficient to justify leave to amend." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015) (quoting *Eminence*, 316 F.3d at 1052; citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052. "The party opposing the amendment bears the burden of showing why leave should be denied." *Underwood*, __ F.R.D. __, 2022 WL 4445928, at *2 (citing *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013)).

## III.   DISCUSSION

Plaintiff submits that amendment is appropriate here because Defendants would suffer no prejudice from the amendment and it has acted in good faith. Docket No. 125 at 3-5. Plaintiff also submits that the early procedural stage of the case means that amendment is not unduly delayed

---

[1]    Subsequent references to 'Rule' are references to the Federal Rules of Civil Procedure.

and would not be futile. *Id.* at 5-7. Defendants submit that they would be prejudiced by the amendment, that Plaintiff is bringing the amendment in bad faith, and that Plaintiff unduly delayed in bringing the amendment. Docket No. 135 at 12-16. Plaintiff replies that Defendants' asserted forms of prejudice do not qualify as prejudicial and that, regardless, no prejudice would result from the amendment since it could alternatively bring the new claims in a separate lawsuit. Docket No. 138 at 4-7. Plaintiff also reiterates its position that it has acted in good faith in bringing the amendment and that the amendment is timely. *Id.* at 7-10.

A.   Prejudice

Defendants submit that amendment is prejudicial because it would change the nature and strategic calculus of the case, contradict Plaintiff's prior positions in the case, and make the case unwieldy and financially burdensome. Docket No. 135 at 14-15. Plaintiff submits that the amendment would not not change the nature of the case and that the costs of defending a patent infringement suit do not qualify as prejudicial. Docket No. 138 at 3-5. It also submits that, regardless of any other contentions, there can be no prejudice here because it can simply bring the proposed amended claims in a separate case. *Id.* at 5-7. Plaintiff has the better argument.

To support the denial of leave to amend a complaint, a non-movant must show that substantial prejudice, and not just some prejudice, will result from the amendment. *Underwood*, __ F.R.D. __, 2022 WL 4445928, at *2. A need to reopen discovery and therefore delay the proceedings can result in prejudice. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). An amendment that "greatly alter[s] the nature of the litigation" or requires a defendant to "undertake[], at a late hour, an entirely new course of defense" can also result in a finding of prejudice. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The fact that an amendment might require the non-movant to do additional work, even if the increase in work is substantial, does not create prejudice. *WiAV Networks, LLC v. Hewlett-Packard Co.*, 2010 WL 11484493, *4 (N.D. Cal. 2010).

The number of claims to be added here is not prejudicial. In *WiAV*, the plaintiff sought to amend the complaint to add 218 new accused products. *WiAV*, 2010 WL 11484493, at *4. Though it acknowledged that the amendment had "the potential to transform [that] action into a

3

Frankenstein's monster," the *WiAV* court nonetheless found the proposed amendment not prejudicial. *Id.* The *WiAV* court instead found that altering the case schedule to allow the defendant more time to address the newly accused products could mitigate any prejudice experienced.[2] *Id.* at *4-*5. A scheduling order has not yet been entered in this case. To the extent any prejudice results from the number of newly accused products, it is not substantial and the scheduling order can be structured to accommodate Defendants' needs.[3]

Similarly, the proposed amended complaint would not prejudicially change the nature of the case. The proposed amended complaint would not add any new patents to the litigation and, instead, removes a patent from the case. Docket No. 125 at 2. The proposed amended complaint only accuses additional products of infringing patents already at issue in the current operative complaint. Multiple courts have held that adding new patents to a case does not cause prejudice. *Aten Intern. Co., Ltd. v. Emine Tech. Co., Ltd.*, 2010 WL 1462110, *4 (C.D. Cal. 2010) (collecting cases). Accusing new products of infringing already alleged patents cannot be said to be prejudicial when adding entirely new patents via amendment is not prejudicial.[4] *Cf. WiAV*, 2010 WL 11484493, at *4.

Defendants also submit that the number of infringement charts, and Plaintiff's changing of infringement theories between the initial complaint and the proposed amended complaint, show

---

[2] Defendants correctly note that the *WiAV* court also ordered the plaintiff in that case to pay $20,000 of the defendant's legal fees. Docket No. 145 at 14-15. Those fees, however, were to compensate the defendant for previously completed invalidity contentions and disclosures that were mooted by the amendment. *WiAV*, 2010 WL 11484493, at *5. Here there have been no disclosures nor invalidity contentions served. Accordingly, any award of legal fees is inapplicable to the present case.

[3] Defendants submit that the parties have been unable to negotiate a mutually acceptable schedule to mitigate any prejudice experienced. Docket No. 135 at 15. They further submit that their proposed schedule would see the Court resolve the related case between the parties before resolving this case. *Id; see also Universal Entertainment Corporation v. Aruze Gaming America, Inc., et. al.*, 2:18-cv-00585-RFB-NJK (related case). Judge Boulware previously denied Defendants' motion to stay this case, Docket No. 28, on the grounds that this case could proceed without needing to resolve the issues in the related case first. Dockets Nos. 66, 73. Absent a Court ordered stay, any schedule must not be premised on resolution of the related case prior to this case.

[4] The Court has also considered Plaintiff's submission that it will file a separate lawsuit should it be denied leave to amend. Docket No. 138 at 5-6. When a plaintiff could bring a new lawsuit in lieu of amending its complaint, judicial efficiency supports granting leave to amend. *01 Communique Laboratory, Inc. v. Citrix Systems, Inc.*, 2014 WL 2506250, *8 (N.D. Ohio 2014).

4

the prejudicially shifting nature of the allegations. However, it should not be surprising that different items will infringe different patents in different ways. Nor should it be surprising that an amended complaint may modify the specific theories of infringement alleged from the initial complaint. Rule 15 is intended to allow a party to refine and revise its contentions so as to avoid having its case decided on a pleading misstep or technicality. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits") (internal quotation omitted).

As an extension of their argument regarding the shifting nature of Plaintiff's allegations, Defendants submit that Plaintiff's amendments contradict the arguments it made at the motion to dismiss stage. Docket No. 135 at 14. Plaintiff responds that the issues at the motion to dismiss stage were about invalidity and not infringement. Docket No. 138 at 3-4. Plaintiff also submits that it gains no advantage by amending the complaint after resolution of the motion to dismiss. *Id.* at 3-4. At the hearing resolving the motion to dismiss, Judge Boulware stated that he was allowing the claims to proceed because resolving Defendants' invalidity and claims contentions would require him to "consider outside extrinsic information." Docket Nos. 105 at 57 (hearing transcript), 104 (minutes of proceedings). As Plaintiff notes, adding additional products would have neither reduced the number of factual issues before the Court, nor provided the Court with more information to help it resolve the motion to dismiss. Docket No. 138 at 4. Additionally, the Court is not persuaded that accusing additional products contradicts Plaintiff's position that the patents "claim a 'new and concrete process.'" Docket No. 135 at 14.

Defendants further submit that the number of newly accused products show that Plaintiff's claims are dismissible as "unpatentable abstract ideas under 35 U.S.C. § 101," or are dismissible under 35 U.S.C. § 112 because the "patent claims are plainly indefinite." Docket No. 135 at 14. This submission goes to the merits of the proposed amendment. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Defendants fail to justify a different outcome in this case.

1    Defendants' final submission regarding prejudice is that the amendment will unduly expand the current case relative to the current period of pandemic-related financial hardship. Docket No. 135 at 15. "Generally speaking, the cost of defending against a new claim is not the type of prejudice recognized as being sufficient to deny leave to amend." *Playup, Inc. v. Mintas*, 2022 WL 1525449, *2 (D. Nev. 2022). Moreover, Defendants have not yet answered the initial complaint, meaning any wasted expenses will be minimal. Consequently, the Court finds that the amendment is not prejudicial.

B.   Bad Faith

Defendants submit that Plaintiff is acting in bad faith by bringing this amendment for three reasons. Docket No. 135 at 12-13. First, Defendants submit that Plaintiff did not serve a proposed amended complaint until eight weeks after the hearing on the motion to dismiss, when at the hearing it said could have an amended complaint drafted within a few weeks. *Id.* at 12. Next, Defendants submit that Plaintiff initially proposed an amended complaint adding 150 new accused products, but dropped the number of newly accused games to the current number of approximately eighty in a subsequent revision of the proposed complaint. *Id.* Finally, Defendants submit that the proposed amended complaint is ostensibly part of a larger strategy by Plaintiff to use litigation to disrupt Defendants' business and regulatory licensing. *Id.* at 12-13. Plaintiff responds that its willingness to modify the amended complaint after meeting with Defendants is a sign of good faith. Docket No. 138 at 7-8. Additionally, Plaintiff submits that Defendants are improperly bringing the merits issues of the related case into this case, and that it was proper for it to issue press releases regarding its dispute with a "prominent public figure." *Id.* at 8.

When evaluating whether a movant is acting in bad faith, courts look to the movant's intent in seeking amendment. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987); *accord Rockin Artwork, LLC v. Bravado Int'l Grp. Merch. Servs., Inc.*, 727 Fed. App'x 392, 393 (9th Cir. 2018). Any inferences made in determining whether amendment is proper should be drawn in favor of the movant. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citing *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Defendant is correct that Plaintiff's counsel said at the hearing on the motion to dismiss that Plaintiff "should be able to amend within the next few weeks." Docket No. 105 at 18. However, at no point in the hearing was Plaintiff explicitly directed to amend within a certain time frame. *See* Docket No. 105. Further, the difference between a few weeks and eight weeks is an amorphous measurement; the Court would have to make substantial inferences to find such a discrepancy constitutes bad faith. The Court is, therefore, unwilling to conclude in the circumstances of this case that taking eight weeks to request leave to file an amended complaint constitutes bad faith.

The Court is also unwilling to conclude that Plaintiff's act in reducing the number of newly accused products after meeting and conferring with Defendants constitutes bad faith. Meeting and conferring "promotes a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993)). This Court's Local Rules reinforce the importance of meeting and conferring, requiring parties to do so before seeking judicial intervention for a variety of issues. *See* Local Rules 7-4, 16-1, 16-3, 26-6; Local Patent Rules 1-3, 1-4, 1-13, 1-14, 1-18a, 1-21; Local Criminal Rules 12-2, 16-1. Given the importance of pre-motion practice negotiation, the Court is unwilling to infer that Plaintiff's modification of the proposed amended complaint after meeting with Defendants constitutes bad faith.

Finally, Defendants' last allegation of bad faith, that the instant amendment is part of a broader scheme by Plaintiff to destroy Defendants' business, is also unpersuasive. The Court has reviewed the exhibits Defendants cite to support this submission. Considering the requirement to draw inferences in favor of amendment, the Court cannot conclude that Plaintiff's prelitigation conduct supports a finding of bad faith in seeking leave to amend its complaint. The Court, therefore, finds that Defendants have not shown bad faith by Plaintiff in seeking leave to amend.

C.  <u>Undue Delay</u>

Defendants further submit that Plaintiff unduly delayed in seeking leave to amend the complaint. Docket No. 135 at 15-16. Specifically, they submit that Plaintiff knew or should have

7

known about several of the newly accused products at the time it filed its initial complaint. *Id.* at 15. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Additionally, courts should consider whether discovery has closed and proximity to trial when determining whether there has been undue delay. *Wizards*, 309 F.R.D. at 652. If a case is still in discovery, there is a strong presumption against a finding of undue delay. *Underwood*, __ F.R.D. __, 2022 WL 4445928, at *5.

Here, there has not been a discovery scheduling order entered nor a trial date set. Regardless of whether Plaintiff knew or should have known about some of the newly accused products at the time it filed its initial complaint, "it is well-settled within the Ninth Circuit that any undue delay in seeking amendment is not, in itself, sufficient grounds to deny leave to amend." *Id.* (collecting cases). As Defendants have failed to show either prejudice or bad faith, any undue delay is insufficient to deny leave to amend.

## IV.   MOTION TO SEAL

Defendants filed a motion to seal their response to Plaintiff's motion for leave to amend. Docket No. 134.

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). The sealing of nondispositive motions and related documents, such as a motion for leave to amend a complaint, are evaluated under a "good cause" standard. *Kamakana*, 447 F.3d at 1179-80.

Defendants seek to seal several exhibits to their opposition to Plaintiff's motion because the exhibits have been marked Confidential or Highly Confidential. Docket No. 134 at 2. They

8

similarly seek to seal their opposition to Plaintiff's motion because it discusses those exhibits. *Id.* Defendants fail to substantively explain why good cause exists to seal the documents. They instead rely on conclusory statements that the Confidential/Highly Confidential markings constitute good cause in and of themselves. Such conclusory statements do not explain how the documents to be sealed could "become a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179. Defendants also fail to address whether any of the documents could be partially redacted to protect any sensitive information. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th. Cir. 2011). Accordingly, Defendants fail to show good cause exists to seal their opposition and attached exhibits.

## V.  CONCLUSION

For the reasons discussed more fully above, Plaintiff's motion for leave to amend the complaint is **GRANTED**. Docket No. 125. Plaintiff must promptly file and serve the complete amended complaint.

Also for the reasons more fully discussed above, Defendants' motion to seal is **DENIED** without prejudice. Docket No. 134. Defendants must file a renewed motion to seal no later than December 6, 2022. The Clerk's Office is **INSTRUCTED** to retain the motion and exhibits at Docket No. 135 under seal pending the Court's resolution of the renewed motion to seal.

IT IS SO ORDERED.

Dated: November 18, 2022

_____
Nancy J. Koppe
United States Magistrate Judge