# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>Defendants. | Case No. 2:19-cv-01657-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 154, 158] |

Pending before the Court are two motions to seal. Docket Nos. 154, 158. The Court will address each motion in turn.

**I.   STANDARDS**

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). A motion is dispositive when it is "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The sealing of dispositive motions and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. *Id.* A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons

supported by specific factual findings." *Id.* at 1178. Sealing nondispositive motions requires a "particularized showing" under a "good cause" standard. *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).

## II. Docket No. 154

Defendants ask to seal portions of their answer to Plaintiff's First Amended Complaint and certain exhibits thereto. Docket No. 154; *see also* Docket No. 155 (Defendants' answer). Defendants seek to seal Exhibits A, B, D, E, F, G, I, K, R, and T and the portions of their Answer that discuss those exhibits. Docket No. 154 at 2.[1] A party seeking sealing of exhibits to an answer must meet the compelling reasons standard. *See VLSI Tech. LLC v. Intel Corp.*, 2021 WL 6063965, *1-*2 (N.D. Cal. 2021). Defendants seek sealing on the basis that Plaintiff designated the relevant documents "Confidential" or "Highly Confidential." *Id.* A document being designated "Confidential" or "Highly Confidential" by a party does not in itself constitute compelling reasons for sealing.[2] *See Kamakana*, 447 F.3d at 1179. Defendants also fail to address whether any of the documents could be partially redacted to protect any sensitive information. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th. Cir. 2011). The Court, therefore, cannot find that compelling reasons exists to seal Exhibits A, B, D, E, F, G, I, K, R, and T and the portions of Defendants' Answer that discuss those exhibits.

## III. Docket No. 158

Defendants renew their request to seal their opposition to Plaintiff's motion for leave to file a first amended complaint. Docket No. 158; *see also* Docket Nos. 134 (initial motion to seal), 135 (Defendants' response). Defendants seek to seal Exhibits 2, 3, 4, 5, 9, 10, 11 and the portions of their response that discuss those exhibits. Docket No. 158 at 2-3. Defendants submit that good cause exists to seal Exhibits 2, 3, 4, and 5 because they contain documents designated

---

[1]   References to specific page numbers in filings are references to the CM/ECF pagination.

[2]   Defendants reference the stipulated protective order and this Court's companion order entered in the related case. *See* Docket Nos. 154 at 3, 158 at 2-3. The Court notes that no protective order or order governing the filing of designated documents has been entered in this related but procedurally distinct case.

2

"Confidential" or "Highly Confidential" by Plaintiff. *Id.* at 2. As discussed above, such designation is not sufficient to justify sealing.

Defendants submit that good cause exists to seal Exhibits 9 and 10 because they contain confidential financial and business information.[3] *Id.* at 3. They submit that good cause exists to seal Exhibit 11 because it contains confidential information regarding the impact of certain statements made by Plaintiff on their business operations. *Id.* Defendants further submit that disclosure of these exhibits would hurt their ability to conduct business negotiations and undermine their competitive standing. *Id.* Protecting "business information that might harm a litigant's competitive standing" justifies sealing documents. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S at 598-99). The Court, therefore, finds that Exhibits 9, 10, and 11 and the portion of Defendants' response discussing those exhibits are properly sealed.

## XVI. Conclusion

For the reasons discussed above:

Defendants' motion to seal portions of their answer to Plaintiff's First Amended Complaint and certain exhibits thereto is **DENIED** without prejudice. Docket No. 154. Plaintiff must file a motion to seal explaining why the specified documents should remain under seal pursuant to applicable standards by **January 17, 2023**. The Clerk's Office is **INSTRUCTED** to retain the subject documents under seal pending further determination by the Court.

Defendants' renewed motion to seal their opposition to Plaintiff's motion for leave to file a first amended complaint. thereto is **GRANTED** in part and **DENIED** in part. Docket No. 158. Defendants' motion is **GRANTED** as to Exhibits 9, 10, and 11. Defendants' motion is **DENIED** without prejudice as to Exhibits 2, 3, 4, and 5. Plaintiff must file a motion to seal explaining why the remaining specified documents should remain under seal pursuant to applicable standards by

---

[3] The Court previously noted that motions to seal a motion for leave to amend must meet the good cause standard. Docket No. 141 at 8. There is a split of authority as to whether procedural motions, such as a motion for leave to amend, must satisfy either the good cause or compelling reasons standard. *Compare GoDaddy.com LLC v. Rpost Commc'ns Ltd.*, 2016 WL 1158851, *2 (D. Ariz. 2016) *and Musial v. Telesteps Inc.*, 2015 WL 13840687, *1 (D. Ariz. 2015) *with Echologics, LLC v. Mueller Int'l, LLC*, 2022 WL 17682657, *1-*2 (S.D. Cal. 2022). In the interest of certainty, the Court applies the more demanding standard here. Regardless, Defendants have shown compelling reasons exist to seal the subject exhibits.

**January 17, 2023**. The Clerk's Office is **INSTRUCTED** to retain the subject documents under seal pending further determination by the Court.

In the event Plaintiff does not file motions to seal by **January 17, 2023**, Defendants must file their answer, and a notice of compliance with their opposition redacted in accordance with the above findings, on the public docket, no later than **January 31, 2023**.

IT IS SO ORDERED.

Dated: December 27, 2022

Nancy J. Koppe
United States Magistrate Judge