# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>Defendants. | Case No. 2:19-cv-01657-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 168] |

Pending before the Court is Plaintiff's motion to seal portions of Defendants' answer to amended complaint. Docket No. 168.

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive [filing]." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). A filing is dispositive when it is "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The sealing of dispositive filings and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. *Id.* A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178. Sealing nondispositive filings requires a

1 "particularized showing" under a "good cause" standard. *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

Plaintiff submits that, because an answer is a non-dispositive filing, the good cause standard applies.[1] Docket No. 168 at 2. The Ninth Circuit has emphasized that the words "dispositive" and "non-dispositive" are not meant to be "mechanical classifications." *Ctr. for Auto Safety*, 809 F.3d at 1098. "Rather, these descriptive terms are indicative of when a certain test should apply." *Id.* Courts should consider whether a filing "is more than tangentially related to the merits of a case" when determining which standard applies. *Id.* at 1101. A party's answer goes directly to the merits of a case. A motion to seal an answer must, therefore, address the compelling reasons standard. *Cf. VLSI Technology LLC v. Intel Corp.*, 2021 WL 6063965, *1 (N.D. Cal. 2021).

Accordingly, Plaintiff's motion to seal portions of Defendants' answer to amended complaint is **DENIED** without prejudice. Any renewed motion to seal must address the proper standard and must be filed no later than February 1, 2023.

IT IS SO ORDERED.

Dated: January 18, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff's motion actually states that "Defendants' Opposition is a non-dispositive motions.[sic]" Docket No. 168 at 2. Plaintiff's contemporaneously filed motion to seal portions of Defendants' opposition to Plaintiff's motion for leave to file a first amend complaint states that "Defendants' Answer is a non-dispositive filing." Docket No. 169 at 2. Similarly, the two motions to seal reference the filing that is the subject of the other motion to seal. *See* Docket Nos. 168 at 2 ln. 9, 169 at 2 ln. 12. However, because the Court can determine the applicable filing to be sealed from the substance of the motions to seal, the Court will disregard the above-referenced text as typos.