UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-01657-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 169] |

Pending before the Court is Plaintiff's motion to seal portions of Defendants' opposition to Plaintiff's motion for leave to file first amended complaint. Docket No. 169.

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). A motion is dispositive when it is "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The sealing of dispositive motions and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. *Id.* A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178. Sealing nondispositive motions requires a

"particularized showing" under a "good cause" standard. *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

Plaintiff seeks to seal Exhibits 2 and 4 to Defendants' opposition to Plaintiff's motion for leave to file first amended complaint and the portions of Defendants' opposition discussing those exhibits.[1][2] Docket No. 169 at 2. Plaintiff submits that good cause exists to seal Exhibit 2 because it contains internal valuations of claims that Plaintiff may bring or has brought in litigation.[3] *Id.* Plaintiff further submits that the release of this information would undermine its ability to negotiate settlements in current and future lawsuits. *Id.* "What constitutes a compelling reason is best left to the discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599). Protecting trade secrets or internal information that might otherwise harm a litigant's competitive standing is a compelling reason to keep records sealed. *Kamakana*, 447 F.3d at 1179; *Ctr. for Auto Safety*, 809 F.3d at 1097. The Court has reviewed Exhibit 2 and agrees that its release would harm Plaintiff's ability to negotiate settlements in future litigation and Plaintiff's broader competitive standing. The Court, therefore, finds that compelling reasons exist to seal Exhibit 2 to Defendants' opposition to Plaintiff's motion for leave to file first amended complaint.

Plaintiff further submits that good cause exists to seal Exhibit 4 because it contains confidential communications between Plaintiff and the Nevada Gaming Control Board. Docket No. 169 at 2. Plaintiff further submits that the release of Exhibit 4 would harm its relationship with NGCB. *Id.* Exhibit 4 is an email from Plaintiff to NGCB forwarding a copy of a published press release. As Plaintiff notes, the Court has previously sealed communications with law enforcement and regulators to maintain the parties' relationships with those agencies. *Id.* Exhibit

---

[1] Plaintiff's motion contains several references to Defendants' answer. *See* Docket No. 169 at 2. The Court addressed these discrepancies in the contemporaneously-issued order resolving the motion at Docket No. 168. Accordingly, the Court construes the instant motion as pertaining solely to Defendants' opposition to Plaintiff's motion for leave to file first amended complaint.

[2] Plaintiff removes the "Confidential" designation from Exhibits 3 and 5.

[3] As the Court has previously noted, there is a split of authority as to whether procedural motions, such as a motion for leave to amend, must satisfy either the good cause or compelling reasons standard. *See* Docket No. 167 at 3 n.3. Once again, in the interest of certainty, the Court applies the more demanding standard here. Regardless, Plaintiff has shown compelling reasons exists to seal Exhibit 2.

4, however, is primarily constituted of otherwise public information. Additionally, the exhibit does not contain any replies or communications from NGCB. Releasing a one-sided communication drawing a regulator's attention to a public document does not implicate the same relational concerns as releasing communications discussing substantive enforcement or regulatory matters. Accordingly, the Court finds that Plaintiff has demonstrated neither good cause nor compelling reasons to seal Exhibit 4.

For the foregoing reasons, Plaintiff's motion to seal portions of Defendants' opposition to Plaintiff's motion for leave to file first amended complaint is **GRANTED** in part and **DENIED** in part. Docket No. 169. Plaintiff's motion is **GRANTED** as to Exhibit 2. Plaintiff's motion is **DENIED** as to Exhibit 4.

Defendants are **ORDERED** to file a notice of compliance attaching Exhibit 3, Exhibit 4, Exhibit 5, and their opposition redacted in accordance with the above-referenced findings and the findings in Docket No. 167 to the public docket no later than February 1, 2023.

IT IS SO ORDERED.

Dated: January 18, 2023

_____
Nancy J. Koppe
United States Magistrate Judge